IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLI BURCH,<br><br>    Plaintiff,<br><br>  v.<br><br>GMAC MORTGAGE, LLC., and PAUL FINANCIAL, LLC,<br><br>    Defendants<br>                               / | No. C-09-4214 MMC<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING IN PART ON DEFENDANTS' MOTIONS TO DISMISS; VACATING MARCH 19, 2010 HEARING; SETTING FURTHER BRIEFING SCHEDULE AND HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

     Before the Court are two motions to dismiss the initial Complaint in the above-titled action: (1) defendant GMAC Mortgage, LLC's ("GMAC Mortgage") "Motion to Dismiss Plaintiffs' Complaint," filed November 30, 2009, as amended January 22, 2010; and (2) defendant Paul Financial, LLC's ("Paul Financial") "Motion to Dismiss Complaint or, Alternatively, Motion to Strike Portions of Complaint," filed January 12, 2010. Plaintiff Lesli Burch ("Burch") has filed opposition to each motion; neither defendant has filed a reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the parties' respective filings, VACATES the hearing scheduled for March 19, 2010, and rules as follows.

//
//

**BACKGROUND**

In her complaint, Burch alleges that, on June 1, 2007, she "refinanced the loan on her principal residence located [in] San Rafael, California, 94903 with [ ] Paul Financial" (see Compl. ¶ 5), and that, subsequent thereto, GMAC Mortgage "purchased [p]laintiff's loan" (see Compl. ¶ 11). Burch alleges that Paul Financial "fail[ed] to deliver" to Burch "two copies of a notice of the right to rescind" the loan transaction. (See Compl. ¶ 16.) Further, according to Burch, the loan she obtained was a "Negative Amortization loan," and Paul Financial "failed to adequately disclose" the loan's "negative amortization feature" in the "Truth In Lending Act Disclosure Statement." (See Compl. ¶¶ 10, 17.)

Based on the above-described allegations, Burch asserts as her First Cause of Action a claim for rescission under the Truth in Lending Act ("TILA"). As her Second Cause of Action, Burch asserts a claim under § 17200 of the California Business & Professions Code. Burch's state law claim is based on the above-described alleged violations of TILA (see Compl. ¶¶ 22-23), and, in addition, allegations that Burch's mortgage broker, alleged to be an agent of Paul Financial, made "misleading" statements about the loan (see Compl. ¶¶ 7, 20), and that Paul Financial "advertised its loans as low interest loans with the intent to mislead" consumers (see Compl. ¶ 21).

**DISCUSSION**

**A. Federal Claim**

Under TILA, a borrower has three business days following the consummation of a loan transaction to rescind the transaction. See 15 U.S.C. § 1635(a). A borrower's right of rescission is extended to three years, however, if the lender (1) fails to deliver to the borrower "all material disclosures," see 12 C.F.R. § 226.23(a)(3), or (2) fails to deliver to the borrower "two copies of [a] notice of the right to rescind," see 12 C.F.R. §§226.23(a)(3), 226.23(b)(1).

**1. Failure to Provide Material Disclosures**

As noted, Burch alleges the Truth In Lending Act Disclosure Statement ("TILA Disclosure Statement") she received from Paul Financial did not adequately disclose the

negative amortization feature of her loan.

As one district court recently observed, "cases analyzing § 226.23(a)(3)'s materiality provisions universally hold that a plaintiff is not entitled to rescind his loan transaction due to defendants' alleged failure to disclose a risk of negative amortization." See Reagen v. Aurora Loan Services, Inc., 2009 WL 3789997, *8 (E.D. Cal. 2009) (internal quotation and citation omitted) (collecting cases). Burch cites no authority to the contrary, and the Court has located none.

As explained by another district court, the only "material" disclosure required by TILA that pertains to a variable-rate loan is that the "loan contain[s] a variable-rate feature." See Jordan v. Paul Financial, LLC, 644 F. Supp. 2d 1156, 1164 (N.D. Cal. 2009) (holding lender complied with TILA where "a box [on TILA Disclosure Statement) labeled 'Variable Rate Mortgage' was checked"; rejecting argument that "failing to adequately disclose the risk of negative amortization" constituted failure to make "material" disclosure). Here, Burch does not contend the TILA Disclosure Statement she received from Paul Financial failed to disclose that her loan contained a variable-rate feature. Indeed, as in Jordan, a box labeled "Variable Rate Mortgage" on Burch's TILA Disclosure Statement was checked. (See Compl. Ex. B.)

Accordingly, the First Cause of Action is subject to dismissal to the extent such claim is based on a theory that Paul Financial failed to deliver to Burch material disclosures.[1]

**2. Failure to Provide Notice of Right to Rescind**

As noted, Burch alleges that Paul Financial failed to provide her with two copies of a notice informing her of her right to rescind the transaction.

In support of their respective motions, defendants request that the Court take judicial

---

[1] GMAC Mortgage's alternative argument, that it cannot be held liable for a failure to disclose by Paul Financial, is unpersuasive in light of Burch's allegation that GMAC Mortgage purchased the loan. See 15 U.S.C. § 1641(c) (providing that if consumer "has a right to rescind a transaction under [TILA]," consumer may "rescind the transaction as against any assignee of the obligation").

notice of a copy of a document titled "Notice of Right to Cancel," signed by Burch on June 4, 2007, which document sets forth in detail Burch's right to rescind the transaction, including an explanation of how, where, and under what circumstances Burch is entitled to rescind. (See Frank Decl., filed January 12, 2010, ¶ 7, Ex. D; GMAC's Req. for Judicial Notice, filed November 30, 2009, Ex. 1.) Immediately above Burch's signature, the subject document includes the following acknowledgment: "The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement. Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners." (See id.) (emphasis in original). Defendants argue that because Burch has acknowledged receiving two copies of the notice, her TILA claim based on the alleged lack of such receipt should be dismissed.

The precise issue presented by the instant motions has been addressed recently by at least three other district judges in this district, two of whom expressly declined, in the context of a motion to dismiss, to take judicial notice of a signed acknowledgment that the plaintiff, contrary to an allegation in his or her complaint, had in fact received two copies of a notice of the right to rescind the transaction. See Olivera v. American Home Mortgage Servicing, Inc., 2010 WL 334848, *4 (N.D. Cal. 2010); Delaney v. Aurora Loan Servicing, Inc., 2009 WL 5062339, *2 (N.D. Cal. 2009).[2] The Court agrees, for the reasons stated in the above-cited cases, that taking judicial notice of the signed acknowledgment is not proper on a motion to dismiss.

Accordingly, the First Cause of Action is not subject to dismissal to the extent such claim is based on a theory that Burch was not provided with two copies of a notice of her

---

[2] In the third case, although the district court denied the motion to dismiss in a minute order that does not include the court's reasoning, see Civil Pretrial Minutes, Chetal v. American Home Mortgage Servicing, No. C 09-2727 CRB, filed September 25, 2009, the primary ground set forth in the plaintiff's opposition to that motion was the impropriety of taking judicial notice of the signed acknowledgment. (See Pl.'s Opp., filed September 4, 2009, Chetal v. American Home Mortgage Servicing, No. C 09-2727 CRB).

4

right to rescind the transaction.[3]

The Court, however, agrees with the district court's reasoning in Delaney that the signed acknowledgment "provide[s] evidence against plaintiff's factual allegations," and that it is proper to convert a motion to dismiss, based on such a signed acknowledgment, into a motion for summary judgment. See Delaney, 2009 WL 5062339, at *2. Indeed, the evidence submitted by defendants "create[s] a rebuttable presumption of delivery." See 15 U.S.C. § 1635(c).

Accordingly, the Court will set a further briefing schedule on the issue of whether there exists evidence sufficient to rebut the presumption of delivery. See, generally, Order, Delaney v. Aurora Loan Services, Inc., No. C 09-3131 VRW, filed March 1, 2010.

**B.  State Law Claim**

Burch's remaining claim arises under state law. Because Burch does not allege the parties are diverse, the Court's jurisdiction over the state law claim is supplemental in nature. See 28 U.S.C. § 1367(a).

The Court will defer ruling on the sufficiency of plaintiff's state law claim, pending its determination of whether a triable issue of fact exists with respect to Burch's federal claim. See 28 U.S.C. § 1367(c)(3) (providing where sole cause of action over which district court has original jurisdiction has been dismissed, the court may decline to exercise supplemental jurisdiction over remaining claims).

//
//
//
//

---

[3] Further, the Court declines to dismiss on defendants' additionally asserted ground that Burch must show she has the ability to tender the profits of the loan, as she has alleged. Although a court has the "equitable discretion" to "impose conditions on rescission that assure that the borrower meets her obligations once the creditor has performed its obligations," see Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003), the Court finds it unnecessary to exercise such equitable power herein at the pleading stage. If defendants, at a later stage, proffer evidence to support a finding that Burch, contrary to her allegations, lacks the ability to tender, defendants may renew the request.

5

**CONCLUSION**

For the reasons stated above, the Court hereby GRANTS in part, DENIES in part, and DEFERS in part ruling on the motions to dismiss as follows:

1. With respect to the First Cause of Action, the motions are hereby GRANTED to the extent the First Cause of Action is based on a failure to deliver material disclosures, and are hereby DENIED to the extent the First Cause of Action is based on a failure to deliver two copies of a notice of the right to rescind.

2. With respect to the latter of the above two claims contained in the First Cause of Action, to the extent the motions seek dismissal on the basis of Burch's signed acknowledgment of the Notice of Right to Cancel, the Court will treat the motions as motions for summary judgment, and hereby SETS the following briefing schedule and hearing date:

   a. No later than April 9, 2010, Burch shall submit any opposition, not to exceed ten pages in length, exclusive of exhibits.

   b. No later than April 23, 2010, defendants shall submit any reply, not to exceed five pages in length.

   c. A hearing on the matter is scheduled for May 7, 2010.

3. To the extent the motions seek dismissal of the Second Cause of Action, ruling is hereby DEFERRED.

4. The Case Management Conference is hereby CONTINUED from May 7, 2010 to June 18, 2010. A Joint Case Management Statement shall be filed no later than June 11, 2010.

**IT IS SO ORDERED.**

Dated: March 15, 2010

MAXINE M. CHESNEY
United States District Judge